IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL R. N., ) | |
| ) | No. 21 C 1855 |
| Plaintiff, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Daniel R. N. appeals the Acting Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court reverses the Acting Commissioner's decision.

### Background

On March 25, 2019, plaintiff applied for benefits, alleging a disability onset date of February 1, 2018. (R. 88.) His application was denied initially, on reconsideration, and after a hearing. (R. 13-26, 88, 104.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts,

the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform ("RFC") his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the application date. (R. 15.) At step two, the ALJ found that plaintiff has the severe impairments of "schizoaffective disorder, social anxiety disorder, Tourette's syndrome, and substance use disorder." (R. 16.) At step three, the ALJ found that plaintiff's impairments do not meet or medically equal a listed impairment. (*Id.*) At step four, the ALJ found that plaintiff has no past relevant work but has the RFC to perform the full range of work at all exertional levels with certain exceptions. (R. 18-25.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus he is not disabled. (R. 25-26.)

Plaintiff argues that the ALJ erred in rejecting the January 7, 2020 opinions offered by his treating psychiatrist, Dr. Dyers. The regulations set forth a number of factors an ALJ must consider when evaluating medical opinions, including: (1) how well the opinions are supported by and how consistent the opinions are with other evidence in the record; (2) the length of the source's relationship with plaintiff, the frequency of exams, and the purpose of the treatment relationship; (3) whether the source is a specialist; and (4) whether the source is familiar with other evidence in the record or has an understanding of SSA's disability program. 20 C.F.R. § 404.1520c. The Court will "uphold 'all but the most patently erroneous reasons for discounting a treating physician's assessment.'" *Stepp v. Colvin*, 795 F.3d 711, 718 (7th Cir. 2015) (quoting *Luster v. Astrue*, 358 F. App'x 738, 740 (7th Cir. 2010)).

Among other things, Dr. Dyers said: (1) plaintiff has poor concentration, impaired short term memory, very poor processing speed, paranoia, hallucinations, and impulsive and damaging behavior; (2) plaintiff's prognosis is poor because his condition is chronic and is unlikely to improve further with treatment; (3) he is extremely limited in the ability to understand, remember, and apply information; to concentrate, persist, and maintain pace; and accept instructions and respond appropriately to criticism from supervisors; (4) he is markedly limited in the ability to interact with others; adapt and manage himself; understand and remember short and simple instructions; maintain regular attendance and be punctual; complete a normal workday and work week without interruptions from psychologically-based symptoms; perform at a consistent pace without an unreasonable number and length of rest periods, respond appropriately to changes in a work setting, and deal with normal work stress. (R. 334-37.) Dr. Dyers also said that plaintiff struggles with criticism, which has resulted in his fighting with people when he is outside of his house, and he cannot be consistent with work. (R. 337-38.) With respect to Dr. Dyers' opinions,

3

the ALJ said, "while Dr. Dyers has been the claimant's treating psychiatrist since November 2013, his opinion is not persuasive, because it is inconsistent with his own notes that show that the claimant has been on the same medication regimen for quite some time and was doing well." (R. 24.)

Dr. Dyers' notes may say, for example, that plaintiff "has been doing pretty good." (R. 506.) But the ALJ did not acknowledge that the same notes say that plaintiff "feels on edge and irritable" and he has mild paranoia or that the doctor concluded he has impaired recent memory and concentration, fair to poor insight and judgment, and below average fund of knowledge. (*Id.*; *see, e.g.,* R. 508 (Dr. Dyers' notes dated 4/23/19, which say that plaintiff reported "doing ok for most part," but had "[a]nxiety [that] comes and goes," and "[at] times his mind races and he overthinks things and . . . get[s] irritated," and the doctor concluded that plaintiff has impaired recent memory and attention/concentration, poor to fair insight and judgment, and below average fund of knowledge); R. 511 (Dr. Dyers' notes dated 8/19/19, which state that plaintiff's "moods have been pretty good with no[t] too much with up and down," but he "[f]eels on edge most days as well as irritable," his "focus and memory are ok but doesn't really do much with it since unable to work," "paranoid thoughts aren't there too much but they are there," and the doctor concluded that plaintiff has impaired recent memory and attention/concentration, poor to fair insight and judgment, and below average fund of knowledge); R. 534 (Dr. Dyers' notes dated 9/15/20, which state that plaintiff said "he has been doing pretty well overall" and "[t]he paranoid thoughts are good," but the doctor concluded that plaintiff has impaired recent memory and attention/concentration, fair insight and judgment, below average fund of knowledge, and he "continues to struggle to find work and sustain it due to mental illness"); R. 536 (Dr. Dyers' notes dated 6/9/20 stating that plaintiff was "doing pretty well mood-wise and psychosis" and was

4

"looking for a job but [was] unlikely to be able to retain a job due to his mental illness").) The ALJ's selective reading of Dr. Dyers' records does not support her rejection of his opinions.

Moreover, the ALJ rejected Dr. Dyers' opinions without mentioning that he is a psychiatric specialist or that his opinions align with that of the independent examiner who examined plaintiff on October 5, 2019. (*See* R. 515-16 (stating that plaintiff's "mental health issues are impacting his daily functioning, quality of life and historically have impacted his ability to maintain employment for any significant length of time.").) In short, the ALJ's assessment of Dr. Dyers' opinions is not supported by substantial evidence. Thus, this case must be remanded for further proceedings.

## Conclusion

For the reasons set forth above, the Court grants plaintiff's motion for summary judgment [14], denies the Acting Commissioner's motion for summary judgment [22] and, pursuant to the fourth sentence of 42 U.S.C. § 405(g), remands this case for further proceedings in accordance with this Memorandum Opinion and Order.

**SO ORDERED.**                                    **ENTERED:** June 27, 2022

**M. David Weisman**
**United States Magistrate Judge**